**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| IN RE:<br><br>HENRY VOGT MACHINE CO.<br><br>           Debtor | CHAPTER 11<br><br>BANKRUPTCY NO. 12-34186 |

**REPUBLIC INSURANCE COMPANY'S,**
**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S,**
**GRANITE STATE INSURANCE COMPANY'S, AND AMERICAN INTERNATIONAL**
**SPECIALTY LINES INSURANCE COMPANY'S JOINT NOTICE OF APPEAL**
**OF ORDER CONFIRMING AMENDED PLAN OF LIQUIDATION**

Notice is hereby given that parties in interest Republic Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA, Granite State Insurance Company, and American International Specialty Lines Insurance Company (collectively, the "Objecting Insurers"), appeal to the United States District Court for the Western District of Kentucky from the Order Confirming Amended Plan of Liquidation of Henry Vogt Machine Co. Under Chapter 11 of the Bankruptcy Code entered by the United States Bankruptcy Court for the Western District of Kentucky on December 31, 2014 (the "Confirmation Order") [Bankr. DN 447]. A copy of the Confirmation Order is attached as <u>Exhibit A</u>. The Confirmation Order is a final order from which Objecting Insurers may appeal as a matter of right pursuant to 28 U.S.C. § 158(a)(1). This Notice of Appeal encompasses the Confirmation Order as well as all orders and rulings adverse to Objecting Insurers that were incorporated into, merged into, or relied upon in rendering the Confirmation Order.

The names of all parties to the order, opinion, and rulings from which Objecting Insurers appeal, and the names, addresses, and telephone numbers of their respective attorneys are as follows:

(i) <u>Appellants</u>

Republic Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA, Granite State Insurance Company, and American International Specialty Lines Insurance Company

*Represented by:*

Elizabeth Lee Thompson
STITES & HARBISON, PLLC
250 W. Main Street
Suite 2300
Lexington, KY 40507
Telephone: (859) 226-2300
Email: ethompson@stites.com


D. Cooper Robertson
STITES & HARBISON, PLLC
400 W. Market Street
Suite 1800
Louisville, KY 40202
Telephone: (502) 587-3400
Email: crobertson@stites.com

(ii) <u>Appellee</u>

Henry Vogt Machine Co.

*Represented by:*

Robert J. Brown
WYATT, TARRANT & COMBS, LLP
500 W. Jefferson Street
Suite 2800
Louisville, KY 40202
Telephone: (502) 589-5235
Email: Loubankruptcy@wyattfirm.com

Daniel I. Waxman
WYATT, TARRANT & COMBS, LLP
250 W. Main Street
Suite 1600
Lexington, KY 40507
Telephone: (859) 233-2012
Email: Lexbankruptcy@wyattfirm.com

Dated: January 14, 2015

                                      Respectfully submitted,

                                      */s/ Elizabeth Lee Thompson*
Elizabeth Lee Thompson
STITES & HARBISON PLLC
250 W. Main Street, Suite 2300
Lexington, KY 40507
Telephone: (859) 226-2300
Email: ethompson@stites.com

D. Cooper Robertson
STITES & HARBISON, PLLC
400 W. Market Street
Suite 1800
Telephone: (502) 687-2400
Email: crobertson@stites.com
COUNSEL FOR OBJECTING INSURERS

## CERTIFICATE OF SERVICE

      This is to certify that the foregoing was served this the 14th day of January, 2015 in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in the case including the debtor's counsel, and the U.S. Trustee.

                                      */s/ Elizabeth Lee Thompson*
Elizabeth Lee Thompson

# Exhibit A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

| | ) | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| HENRY VOGT MACHINE CO., | ) | CASE NO. 12-34186 |
| | ) | |
| DEBTOR. | ) | |
| | ) | |

**ORDER CONFIRMING AMENDED PLAN OF LIQUIDATION OF
HENRY VOGT MACHINE CO. UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

The Amended Plan of Liquidation of Henry Vogt Machine Co., dated December 22, 2014 (the "Plan"),[1] having been filed with this Court (the "Court") by Henry Vogt Machine Co. (the "Debtor"); and the Plan Trustee and Creditors' Trust Agreement for Henry Vogt Machine Co. Creditors' Trust (the "Trust Agreement") having been filed with the Court on December 29, 2014; and the Court having entered after due notice and a hearing, pursuant to sections 1125 and 1126 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 3017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), an order dated November 21, 2014 (the "Approval Order") (i) approving the Disclosure Statement for the Plan of Liquidation of Henry Vogt Machine Co. (the "Disclosure Statement"); (ii) establishing notice, voting and objection procedures, and (iii) scheduling a confirmation hearing (the "Confirmation Hearing"); and the Debtor having served notice of the Approval Order and the Confirmation Hearing on all parties-in-interest; and the Confirmation Hearing having been held before the Court on December 31, 2014; and based upon the Court's review of the Plan and any objections thereto and upon (a) the evidence proffered or adduced at the Confirmation Hearing, (b) the Certification

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to such terms in the Plan.

Regarding Tabulation of Votes in Connection with the Plan of Liquidation of Henry Vogt Machine Co. (the "Vote Certification"), (c) the Declaration of David E. Mack in Support of Confirmation (the "Plan Declaration"), and (d) the entire record of this chapter 11 case; and after due deliberation thereon and sufficient cause appearing therefor,

IT IS HEREBY FOUND, DETERMINED AND ORDERED THAT:[2]

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.  Exclusive Jurisdiction; Venue; Core Proceeding. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.  Eligibility for Relief. The Debtor was and is an entity eligible for relief under Bankruptcy Code section 109.

C.  Judicial Notice. The Court takes judicial notice of the docket of this case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of this case.

D.  Burden of Proof. The Debtor, as the plan proponent, has the burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence, and it has met that burden as further found and determined herein.

---

[2] Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as finding of fact when appropriate.

2

E.  <u>Adequacy of Solicitation Packages</u>.  Votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, and all other applicable provisions of the Bankruptcy Code and other rules, laws and regulations.  All procedures used to distribute solicitation materials to the applicable Holders of Claims and to tabulate Ballots were fair and conducted in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Approval Order, and all other applicable rules, laws and regulations.

F.  <u>Transmittal and Mailing of Materials; Notice</u>.  The notices of the Confirmation Hearing were served in compliance with the Disclosure Statement Order and such service was adequate and sufficient.  No other or further notice is or shall be required.

G.  <u>Plan Amendments and Plan Modifications</u>.  Subsequent to solicitation, the Debtor made certain modifications to the Plan that did not materially impair the treatment afforded to any Class entitled to vote on the Plan.  The filing of the Plan and a black-line of the Plan on December 22, 2014, the service of the Notice of Filing of Amended Plan of Liquidation on December 22, 2014, and the disclosure of the amendments to the Plan on the record at the Confirmation Hearing constitute due and sufficient notice thereof under the circumstances.  All amendments and modifications to the Plan are consistent with all of the provisions of the Bankruptcy Code, and all holders of Claims who have voted to accept the Plan or who are conclusively presumed to have accepted the Plan are deemed to have accepted the Plan as modified or amended.  No Holder of a Claim has the need nor, in any event, shall be permitted to change its vote as a consequence of such modifications or amendments.

H. *Impaired Classes Voting to Accept*. Class 2 and 3 are impaired and have voted to accept the Plan pursuant to the requirements of sections 1124 and 1126 of the Bankruptcy Code. Thus, at least one impaired Class of Claims has voted to accept the Plan.

I. *Classes Deemed to Have Rejected*. Class 6A, 6B and 7 are impaired and are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.

J. *Plan Compliance with Bankruptcy Code*. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

K. *Proper Classification; Discrimination*. In addition to Administrative Claims, the DIP Loan Claim, the Provost Administrative Claim, and Priority Tax Claims, which need not be classified, the Plan classifies Claims and interests into seven (7) Classes and two (2) sub-Classes. The Claims and Interests placed in each Class or sub-Class are substantially similar to the other Claims and Interests classified therein. Valid business, factual and legal reasons exist for separately classifying the various Classes and sub-Classes of Claims and Interests created under the Plan and such Classes and sub-Classes do not unfairly discriminate between the Holders of Claims and Interests. Thus, the Plan satisfies sections 1122, 1123(a)(1) and 1123(a)(4) of the Bankruptcy Code.

L. *Specified Treatment of Impaired Classes*. Article III of the Plan designates Classes 2, 3, 6A, 6B, and 7 as impaired and specifies the treatment of the Claims and Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

M. *Implementation of Plan*. The Plan provides adequate and proper means for its implementation, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

N. **Additional Plan Provisions.** The Plan's provisions are appropriate and not inconsistent with applicable provisions of the Bankruptcy Code.

O. **Plan Proposed in Good Faith.** The Debtor proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Debtor's good faith is evident from the facts and record of this case, the Disclosure Statement and the hearing thereon, the Plan Declaration and the record of the Confirmation Hearing.

P. **Best Interests of Creditors.** The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis in the Disclosure Statement, and other evidence proffered or adduced at the Confirmation Hearing (a) is persuasive and credible, (b) has not been controverted by other evidence and (c) establishes that each Holder of an Impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor liquidated under Chapter 7 of the Bankruptcy Code on such date.

Q. **Treatment of Administrative and Priority Claims.** The treatment of Administrative Claims, the DIP Loan Claim, Priority Tax Claims, Other Priority Claims and the Provost Administrative Claim contained in Article III of the Plan satisfies the requirements of sections 1129(a)(9)(A), (B), and (C) of the Bankruptcy Code.

R. **Acceptance by Impaired Class; Fair and Equitable.** Class 3 has voted to accept the Plan and, to the Debtor's knowledge, does not contain insiders whose votes have been counted. Therefore, the requirements of section 1129(a)(10) of the Bankruptcy Code have been

satisfied. Although section 1129(a)(8) has not been satisfied with respect to Classes 6A, 6B and 7 who were deemed to have rejected the Plan, the Plan is confirmable because the Plan does not discriminate unfairly and is fair and equitable with respect to such rejecting Classes and thus satisfies section 1129(b)(1) of the Bankruptcy Code.

S. <u>Feasibility</u>. The Disclosure Statement, as well as other evidence proffered or adduced at the Confirmation Hearing, with respect to feasibility of the Plan: (a) is persuasive and credible and (b) establishes that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, thus satisfying section 1129(a)(11) of the Bankruptcy Code.

T. <u>Payment of Fees</u>. All fees payable under section 1930 of title 28, United States Code, as determined by the Court, have been paid or will be paid for each quarter until the case is converted, dismissed or closed, whichever occurs first, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

U. <u>Retiree Benefits</u>. The Plan satisfies the Debtor's obligations under the Retiree Benefit Termination Order and the USW Settlement and does not impair the rights of beneficiaries under the Pension and, therefore, satisfies, to the extent applicable, section 1129(a)(13) of the Bankruptcy Code.

V. <u>Principal Purpose</u>. The principal purpose of the Plan, as evidenced by its terms, is neither the avoidance of taxes nor the avoidance of section 5 of the Securities Act of 1933. The Plan, therefore, satisfies the requirements of section 1129(d) of the Bankruptcy Code.

W. <u>Implementation</u>. All documents and instruments necessary to implement the Plan and all other relevant and necessary documents have been negotiated in good faith at arm's

length and are in the best interests of the Debtor and shall, upon completion of such documentation and execution, be valid, binding and enforceable documents and agreements not in conflict with any federal or state law.

   X. Good Faith. Based on the record before the Court, the Debtor and its officers, employees, shareholders, agents, advisors, accountants, attorneys and other representatives have acted in good faith within the meaning of section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

   Y. Retention of Jurisdiction. Subject to the provisions of this Confirmation Order, the Court may properly retain jurisdiction over the matters set forth in Article IX of the Plan and section 1142 of the Bankruptcy Code.

## DECREES

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

   1. Confirmation. The Plan, set forth in Exhibit A to this Order, shall be and hereby is approved and confirmed under section 1129 of the Bankruptcy Code. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

   2. Objections. All objections to confirmation of the Plan that have not been withdrawn, waived or settled are hereby overruled on the merits.

   3. Non-Severability. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.

4. <u>Solicitation and Notice</u>. Notice of the Confirmation Hearing complied with the terms of the Approval Order, was appropriate and satisfactory based on the circumstances of this case and was in compliance with the provisions of the Bankruptcy Code and the Bankruptcy Rules. The solicitation of votes on the Plan complied with the Approval Order, was appropriate and satisfactory based upon the circumstances of this case and was in compliance with the provisions of the Bankruptcy Code and the Bankruptcy Rules.

5. <u>Plan Classifications Controlling</u>. The classifications of Claims and Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan and, as to Class 6A, the terms of the Trust Agreement.

6. <u>Binding Effect</u>. The Plan and its provisions shall be binding upon the Debtor, any Entity acquiring or receiving property or a distribution under Plan and any Holder of a Claim against or Interest in the Debtor, including all governmental entities, whether or not the Claim or Interest of such holder is impaired under the Plan and whether or not such Holder or Entity has accepted the Plan. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan and the Trust Agreement shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

7. <u>Approval of Plan Transactions</u>. All transaction contemplated under the Plan are approved.

8. <u>Implementation of the Plan</u>. The Debtor and the Plan Trustee are authorized to execute and deliver any all documents and instruments and take any and all actions necessary or desirable to implement the Plan and this Confirmation Order and to effect any other transactions contemplated hereby or thereby. The Plan shall be implemented pursuant to Article IV thereof.

8

9. <u>Trust Agreement</u>. The Trust Agreement is hereby approved. Robert L. Pendergraft is hereby appointed as the Plan Trustee. The Debtor and the Plan Trustee, by agreement, shall be permitted to amend or modify the terms of the Trust Agreement without approval of the Court, provided that such amendments or modifications do not materially alter the terms of the Trust Agreement filed of record as of the date of this Order.

10. <u>Transfers by Debtor; Abandonment</u>. All transfers of property of the Debtor's estate, including, without limitation, the transfer of the Insurance Policies to the Creditors' Trust and the transfer of the Annuity to the Prepetition Secured Lender, shall be free and clear of all mortgages, liens, charges, Claims, encumbrances, pledges and other interests, except as expressly provided in the Plan or this Confirmation Order. The Debtor shall be deemed to have abandoned the Remaining Assets (other than the Insurance Policies) and the Reversionary Interest, pursuant to section 554 of the Bankruptcy Code and the provisions of the Plan. No asset that is abandoned by the Debtor's Estate shall vest in the Holder of any Interest, as, pursuant to the terms of the Plan, all such Interests shall be extinguished prior to such abandonment.

11. <u>Pension</u>. The Debtor shall continue as the sponsor of the Pension until the Pension Termination Date. The Debtor shall have the authority to: (i) transfer, assign, liquidate, annuitize or otherwise dispose of the assets and liabilities of the Pension; (ii) terminate the Pension on a voluntary or involuntary basis; or (iii) transfer its obligation to sponsor the Pension to another Entity; provided that all such actions are conducted in accordance with the provisions of the Pension, ERISA and / or other applicable law. The Debtor shall be further authorized to employ such consultants, attorneys and advisors, on behalf of the Pension, as the Debtor

reasonably believes to be necessary to accomplish the above; provided, however that such professionals shall be paid exclusively from the Pension, in accordance with the provisions of the Pension, ERISA and / or other applicable law. The PBGC has agreed not to receive a Distribution under the Plan, or to otherwise collect from the Estate, on account of the PBGC Claims; provided, however, that no provision of this Plan shall be deemed to prohibit the PBGC from exercising any of its statutory rights and remedies against the Debtor, or any other party, after the occurrence of Effective Date.

12. <u>Discharge.</u> Pursuant to section 1141(d)(3) of the Bankruptcy Code, neither Confirmation of the Plan nor the occurrence of the Effective Date will discharge the Debtor; provided, however, upon Confirmation of the Plan and the occurrence of the Effective Date, the Holders of Claims against, or Interests in, the Debtor, other than the PBGC on account of the PBGC Claims, may not seek payment or recourse against or otherwise be entitled to any Distribution from the assets of the Estate except as expressly provided in the Plan.

13. <u>Limitation of Remedies.</u> Notwithstanding anything to the contrary contained herein or in the Plan, the sole recourse of any Holder of any Allowed General Unsecured Tort Claims shall be the assets or cash in the Creditors' Trust and no Holder of any Allowed General Unsecured Tort Claim may take any legal action for the purposes of directly or indirectly collecting, recovering, or receiving payment with respect to any claim or demand that is to be paid under this section against the Debtor, CF One LLC, David E. Mack, Henry V. Heuser, Jr., Marshall Heuser, Laura Lee Schlegel Boone, Lynn Schlegel Kunau, Margaret Culver and Stephanie Hawkins Smith with respect to any Allowed General Unsecured Tort Claim. Notwithstanding the foregoing, nothing in this Plan shall impair any rights of recovery that any

10

Holder of any Allowed General Unsecured Tort Claims may have directly against insurance companies that issued or have responsibility for the Insurance Policies. Holders of Allowed General Unsecured Tort Claims may pursue direct claims against insurance companies that issued or have responsibility for the Insurance Policies where otherwise permitted by law.

  14. <u>Insurance Neutrality</u>. Nothing contained in the Plan or this Confirmation Order (including any other provision that purports to be preemptory or supervening) shall in any way operate to, or have the effect of, impairing any insurer's legal, equitable, or contractual rights under the Insurance Policies in any respect other than the enforcement of any "anti-assignment" provision(s) in such policies or applicable state law. Subject to the foregoing, the rights of the insurers shall be determined according to the terms of the Insurance Policies, as applicable. Nothing in the Plan or the Confirmation Order shall be deemed to waive any claims, defenses, rights or causes of action that any insurer may have under the provisions, term, conditions, defenses and/or exclusions contained in the Insurance Policies, other than those claims, defenses or exclusions based on any "anti-assignment" provision(s) contained in such policies or applicable state law. Furthermore, to the extent that the Plan directs or authorizes the Debtor, or any other person or entity that is in possession of documents related to the Debtor or the Insurance Policies, to turn over or produce such documents to Provost or the Holder of a General Unsecured Tort Claim, any such production or turnover shall remain subject to any claims of privilege or confidentiality, whether derived from the agreement of the parties or state law, and whether belonging to the Debtor or the issuers of the Insurance Policies. The Debtor shall not produce or authorize the production of any confidential or privileged documents; the inadvertent

production by the Debtor, or an entity authorized by the Debtor, of any confidential or privileged information shall not serve to waive the applicable privilege or confidentiality designation.

15. <u>Final DIP Advance</u>. The DIP Lender is hereby directed to pay the Final DIP Advance to the Debtor within three (3) Business Days of the entry of this Order. If the Effective Date does not occur, the Debtor shall, as soon as reasonably practicable, but in no event later than ten (10) days after the non-occurrence of the Effective Date, return the full amount of the Final DIP Advance to the DIP Lender.

16. <u>Service of Order</u>. Within five (5) business days after entry of this Confirmation Order, the Debtor shall cause to be served a copy of this Confirmation Order on (i) all Holders of Claims and Interests; (ii) all Retirees; (iii) the U.S. Trustee; and (iv) all parties who filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

17. <u>Notice of Effective Date</u>. Within five (5) business days after the occurrence of the Effective Date, the Debtor shall file with the Court a notice stating that the Effective Date has occurred and such other matters as the Debtor deems appropriate.

18. <u>Record Closed</u>. The record of the Confirmation Hearing is closed.

19. <u>Final Order</u>. This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

20. <u>Waiver of Stay</u>. The 14-day stay of entry of this Confirmation Order provided for in Bankruptcy Rule 3020(e) is hereby waived. Notwithstanding Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Confirmation Order shall be immediately effective and enforceable up entry hereof.

*Joan A. Lloyd*
United States Bankruptcy Judge
Dated: December 31, 2014

Tendered By:

/s/ Robert J. Brown
Robert J. Brown (KY 08363)
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, KY 40202
Telephone: (502) 589-5235
Facsimile: (502) 589-0309
E-mail: Loubankruptcy@wyattfirm.com

Daniel I. Waxman (KY 92736)
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507
Telephone: (859) 233-2012
Facsimile: (859) 259-0649
E-mail: Lexbankruptcy@wyattfirm.com

**COUNSEL TO THE DEBTOR**

61277619.4